IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BRIAN JEROME SCOTT,**

    Petitioner,

v.                                                  Civil Action No. 3:18CV851

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Brian Jerome Scott, a Virginia inmate, submitted this 28 U.S.C. § 2254 Petition challenging his 2013 conviction for voluntary manslaughter in the Southampton County Circuit Court. ("Successive Petition," ECF No. 1). Harold W. Clarke, the Director of the Department of Corrections, filed a Motion to Dismiss the petition as procedurally barred on the basis that Scott did not receive prefiling authorization from the United States Court of Appeals for the Fourth Circuit to bring this Successive Petition, ("Motion to Dismiss"). (ECF No. 10.) Scott did not respond and the time to do so has expired. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, the matters are ripe for disposition. For the reasons that follow, the Court will grant the Motion to Dismiss.

On May 18, 2009, a Southampton County grand jury indicted Scott on charges for first degree murder, use of a firearm in the commission of a murder, and possession of a firearm by a convicted felon. (Successive Petition 10.) On June 18, 2013, Scott resolved those charges by entering an Alford plea to voluntary manslaughter. The Southampton County Circuit Court imposed a ten-year sentence for that offense. (Successive Petition 15.) While resolving those charges, Scott remained incarcerated on a ten-year sentence for breaking and entering and violating

probation, offenses that he committed in 2007. *See Scott v. Vargo*, No. 2:14CV25, 2014 WL 11514067, at *1 (E.D. Va. Sept. 5, 2014), *report and recommendation adopted*, No. 2:14CV25, 2014 WL 11512873 (E.D. Va. Oct. 8, 2014) (explaining procedural history and adopting recommendation).

On January 23, 2014, Scott filed his first § 2254 petition in this Court. In that petition, Scott argued that he should have received credit for "time spent in confinement while awaiting trial on [his] manslaughter case." *Scott v. Vargo*, No. 2:14cv25 (ECF No. 1). The district court dismissed the petition with prejudice after construing it as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and finding that Scott failed to demonstrate a substantial showing of the denial of a constitutional right. *Scott v. Vargo*, 2014 WL 11512873, at *1. The Fourth Circuit dismissed Scott's appeal. *Scott v. Vargo*, 594 F. App'x 167, 168 (4th Cir. 2015).

On December 12, 2018, Scott filed the instant § 2254 Petition, challenging the manslaughter conviction. (Successive Petition 19–28.) Scott did not, however, seek authorization from the Fourth Circuit to file this Successive Petition. (Mot. Dismiss 6–7.)

The Antiterrorism and Effective Death Penalty Act of 1996 established a "gatekeeping mechanism" that restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners challenging the validity of their convictions and sentences. *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Fourth Circuit has further explained that "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as

'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016).

Although this Court construed Scott's first habeas petition as one brought pursuant to § 2241, section 2254 and related statutory provisions limiting access to federal habeas corpus relief for state prisons remain applicable to the petition. *Id.* Therefore, Scott's habeas petitions are subject to the second-or-successive authorization requirement set forth in § 2244(b)(3). *Id.* Because the Court has not received authorization from the Fourth Circuit to file the present § 2254 Petition, the Court lacks jurisdiction to consider the Successive Petition. The Court will grant the Motion to Dismiss (ECF No. 10) and DISMISS WITHOUT PREJUDICE this action.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Scott fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: July 31, 2019
Richmond, Virginia